IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ADRIAN MARION SMITH, #331894, | ) Civil Action No. 3:09-1242-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| CITY OF AIKEN PUBLIC WORKS; | ) **REPORT AND RECOMMENDATION** |
| TIM COALEY; | ) |
| RALPH THOMAS; | ) |
| ALEXANDER CULLUM; AND | ) |
| ARTHUR BRYANT, | ) |
| Defendants, | ) |

Plaintiff filed this action on May 12, 2009.[1] At the time of the alleged incidents, he was an inmate at the Lower Savannah Pre-Release Center of the South Carolina Department of Corrections ("SCDC"). He is currently an inmate at the Allendale Correctional Institution of the SCDC. Defendants are the City of Aiken Public Works ("CAPW"); City of Aiken employees Tim Coaley ("Coakley"),[2] Ralph Thomas ("Thomas"), and Alexander Cullum ("Cullum"); and former City of Aiken employee Arthur Bryant ("Bryant"). Plaintiff appears to allege constitutional claims pursuant to 42 U.S.C. § 1983 ("§ 1983") as well as claims under South Carolina law. On September 11, 2009, Plaintiff filed a motion for summary judgment. Defendants CAPW, Coakley, Thomas, and Cullum (collectively the "City Defendants") filed a response on September 29, 2009, and Plaintiff filed a reply on October 16, 2009. The City Defendants filed a motion for summary judgment on October

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e) DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] This Defendant's last name is spelled Coakley. See City Defendants' Answer.

22, 2009. Because Plaintiff is proceeding pro se, he was advised on October 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the City Defendants' motions for summary judgment could result in the dismissal of his complaint. Plaintiff filed a response on November 17, 2009, the City Defendants filed a reply on November 23, 2009, and Plaintiff filed an additional response on December 7, 2009.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The non-moving party is entitled , to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a

material and genuine factual dispute.  See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

## DISCUSSION

At the time of the alleged incidents, Plaintiff was participating in a work release program at the City of Aiken Public Works.  He was assigned to work on a recycling route.  Plaintiff claims that Defendant Bryant drove a recycling truck on March 23, 2009, even though he knew there were problems with the tail lights, back up lights, and back up alarms on the truck.  Plaintiff, who was riding on the back of the truck, claims that Bryant drove recklessly and hit some trees, injuring Plaintiff.  He alleges that he requested medical attention from Bryant and Alexander (another CAPW employee who was riding on the truck), but they refused to call for medical help.  The next day, Bryant met with Defendants, including CAPW supervisors Thomas and Coakley, and requested medical attention, but was returned to SCDC.  Plaintiff alleges that Defendants subjected him to cruel and unusual punishment, violated his due process rights, were medically negligent, engaged in a "serious" breach of contract, and discriminated against him.  He claims that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights.

In his motion for summary judgment, Plaintiff appears to reiterate his claims and objects to the City Defendants' asserted defenses (in their answer), but has not provided a basis for summary judgment to be granted in his favor.  The City Defendants contend that their motion for summary judgment should be granted because: (1) Plaintiff's claims are barred by the exclusive remedies provision of the South Carolina Worker's Compensation Act ("SCWCA"), S.C. Code

Ann. §§ 42-1-10, et seq.; (2) Plaintiff fails to establish a claim that rises to the level of a constitutional deprivation; (3) Plaintiff fails to establish any claim against the CAPW; (4) these Defendants are entitled to qualified immunity; (5) any claim for emotional or mental anguish must be dismissed pursuant to the Prison Litigation Reform Act for failure to establish a physical injury;[3] and (6) Plaintiff's allegations are patently frivolous and this action should be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act.

   1. SCWCA

The City Defendants contend that Plaintiff's claims against it are barred by the exclusivity provision of the SCWCA. Lex Kirkland, the Risk Manager for the City of Aiken, states that at the time of the alleged incident, the City maintained Worker's Compensation coverage for its employees which also covered inmate workers working for the City pursuant to the City's contract with the SCDC. Kirkland Aff., Para. 5.

The SCWCA provides that:

[t]he rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

---

[3] There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:
> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

S.C. Code Ann. § 42-1-540. The SCWCA provides for full worker's compensation benefits for inmates such that the SCWCA is the exclusive remedy for Plaintiff's claims of negligence as to injuries that occurred on the job. See Arnold v. South Carolina Dept. of Corrections, 843 F.Supp. 110, 113 n. 2 (D.S.C. 1994); Davis v. SC Dep't of Corrs., 345 S.E.2d 245 (S.C. 1986).

 2. Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his medical needs after the accident. Specifically, he claims that he requested medical attention from Defendants Bryant and Alexander on March 23, 2009, and from Defendants Coakley, Thomas, Bryan, and Alexander on March 24, 2009, but they refused to provide any medical attention. The City Defendants contend that Plaintiff did not report any identifiable injuries on March 23, 2009, it was only responsible for providing inmate workers with immediate medical attention for serious injuries, Plaintiff never presented them with any serious injury, and Plaintiff fails to show deliberate indifference to any serious medical need.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
>    \* \* \* \* \* \* \*
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of

5

> how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm

> might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Although Plaintiff, who was in SCDC custody, had to rely on SCDC for his medical needs, Plaintiff has not shown that the City Defendants had a mandatory duty under the Eighth Amendment to provide him with care.[4] Even if Plaintiff can show that the City Defendants were responsible for providing him with medical care, he fails to show that these Defendants were deliberately indifferent to any of his serious medical needs. SCDC medical records (attached to Docs. 20/21 and 30) reveal that on March 24, 2009 (the day after the alleged accident) Plaintiff complained of headaches, right shoulder pain, right thumb pain, and right knee pain. No visible abrasions were noted, although

---

[4]Plaintiff may be attempting to argue that Defendants had a contractual duty to provide him with medical care. A breach of contract claim is not cognizable in a § 1983 action. See Coastland Corp. v. County of Currituck, 734 F.2d 175, 178 (4th Cir. 1984). Further, Plaintiff has not shown a contract between Defendants and him for the provision of medical care. The City Defendants have provided a copy of a contract between the City of Aiken and SCDC (not Plaintiff) which provides that the City, while in control of the inmate, "will be responsible for providing necessary immediate and prompt medical care that may be required as a result of injury to" the inmate. Kirkland Aff., Ex. A. Thomas states that on the date of the incident, Plaintiff did not report any incident or injury to him or any of the supervisors present and did not appear to be suffering from any injury at that time. He states that the next morning Plaintiff informed him about the incident and his alleged injuries. Thomas said that Plaintiff appeared to have a small knot on the side of his head, but was not bleeding and did not appear confused or dizzy. He was unable to substantiate Plaintiff's allegations, but he returned Plaintiff immediately to SCDC so Plaintiff could request and receive any needed medical attention. Thomas Aff.

7

Plaintiff had a small hematoma on his right temporal area with some mild bruising and some popping in his shoulder on range of motion exercise. Acetaminophen or Ibuprofen for three days was prescribed. X-rays of Plaintiff's right knee, right finger, and right shoulder (taken on March 26, 2009) showed no injuries other than an old fracture to a finger. Plaintiff did not return to SCDC medical services until July, at which time he was evaluated for a need for a behavioral medicine referral and not for medical reasons.

To the extent that Plaintiff alleges a claim due to a delay in treatment (from March 23 to 24, 2009), he fails to show that the delay resulted in some substantial harm or that it created a substantial risk of serious harm of which Defendants were aware. See, e.g., Webb v. Hamidullah, 281 Fed.Appx. 159 (4th Cir. 2008)(Eighth Amendment violation only occurs if the delay results in some substantial harm to the patient); Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993) (same); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (same). But see Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir.2004) ("This [constitutional] violation is not premised upon the 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm [of which prison officials are aware].").

Plaintiff appears to disagree with the type and amount of medical treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson,

868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different medical treatment, he fails to show that the City Defendants' actions or inactions rose to the level of a constitutional violation.

    3.    Discrimination/Job Claims

Plaintiff alleges that Defendants discriminated against him and fired him because he was a state inmate who was injured on the job. A plaintiff has no constitutional right to participate in prison programs, so his ineligibility for a prison work program is not a deprivation of constitutional magnitude. See Hewitt v. Helms, 459 U.S. 460 (1983); Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).

Under the analysis of liberty interests set out by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), Plaintiff fails to show that he has a protected liberty interest in his prison job. The City Defendants' actions constitute neither a restraint on Plaintiff's freedom "exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause by its own force"

nor a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff also fails to show that his constitutional rights were violated as to any discrimination by the City Defendants. Mere conclusory allegations of discrimination are insufficient to state a claim. Chapman v. Reynolds, 378 F.Supp. 1137, 1139 (W.D.Va.1974).[5]

    4.    <u>CAPW</u>

Defendant CAPW contends that there is no entity amenable to suit entitled CAPW, the appropriate party would be the City of Aiken (which is the local governmental entity in the State of South Carolina), and Plaintiff has failed to establish any theory of liability on the part of the City of Aiken. Even assuming that CAPW is a proper party, Plaintiff fails to establish a claim against it. In order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy, or custom of the municipality. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff fails to identify a practice, policy, or custom of Defendants which caused his federal rights to be violated, thus he fails to state a claim against the CAPW.

---

[5] To the extent that Plaintiff is attempting to assert a claim under the Americans with Disabilities Act or Title VII for discrimination, he has not alleged or shown that he has exhausted his applicable administrative remedies. See Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 628 n. 3 (4th Cir.1999)("Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC."); Davis v. North Carolina Dep't of Correction, 48 F.3d 134, 137 (4th Cir. 1995)( Before a federal court may assume jurisdiction over a claim under Title VII, "a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b), which include an investigation of the complaint and a determination by the EEOC as to whether 'reasonable cause' exists to believe that the charge of discrimination is true.").

5. <u>Qualified Immunity</u>

The City Defendants contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Id.</u> at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

<u>Wiley v. Doory</u>, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), <u>cert. denied</u>, 516 U.S. 824 (1995). As discussed above, Plaintiff has failed to show that the City Defendants violated any of his clearly established constitutional or statutory rights. Therefore, the City Defendants are entitled to qualified immunity in their individual capacities.

6. <u>Defendant Bryant</u>

Plaintiff appears to allege that Defendant Bryant hit him with the recycling truck, was reckless as to the operation of the truck, tried to kill him, and denied him medical attention. It is

11

recommended that Bryant be dismissed sua sponte as a defendant to this action for the same reasons that summary judgment should be granted to the City Defendants.[6] Any negligence claims against Bryant are also barred by the exclusivity provision of the SCWCA, Plaintiff fails to show that Bryant was deliberately indifferent to any of his serious medical needs, and he fails to establish a due process or discrimination claim concerning his job at the City of Aiken. To the extent that Plaintiff is alleging state law claims (including negligence, breach of contract, or assault) against Bryant, it is recommended that they be dismissed pursuant to 28 U.S.C. §1367(c)(3).

7. State Law Claims

Plaintiff appears to allege claims under South Carolina law for breach of contract and negligence.[7] As Plaintiff fails to show that Defendants violated his rights under § 1983 (as discussed above), only his state law claims would remain. Thus it is also recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any remaining state law claims be dismissed.

**CONCLUSION**

Based on review of the record, it is recommended that Plaintiff's motion for summary judgment (Doc. 21) be denied and that the motion for summary judgment of Defendants City of

---

[6]Bryant has not filed an answer. Plaintiff has not filed a motion for default. It is unclear from the record whether Bryant was ever properly served in this action. As noted above, Bryant is no longer employed by the City of Aiken. See Coakley Aff., Para. 8. Service on Bryant was attempted by serving a copy of the summons and complaint on Ben Moore, a staff attorney at the City of Aiken. See Doc. 34.

[7]Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995).

12

Aiken Public Works, Coakley (Coaley), Thomas, and Cullum (Doc. 28) be granted. It is also recommended that Defendant Bryant be dismissed <u>sua</u> <u>sponte</u>.

                                      Joseph R. McCrorey
                                      United States Magistrate Judge

June 30, 2010
Columbia, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).