IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, ) | |
| ) | C/A No. 3:09-1242-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| City of Aiken Public Works, Tim Coaley, ) | |
| Ralph Thomas, Alexander Cullum, and ) | |
| Arthur Bryant, ) | |
| Defendants. ) | |
| ) | |

At the time of the underlying events, Plaintiff Adrian Marion Smith was an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He was housed in the Lower Savannah Pre-Release Center of the SCDC in Aiken, South Carolina. Plaintiff, proceeding pro se and in forma pauperis, brings this action alleging violations of federal and state law arising from injuries he claims to have suffered on March 23, 2009 while participating in a work release program under the supervision of Defendant City of Aiken Public Works ("CAPW"). Among other claims, Plaintiff alleges Defendants violated his constitutional rights in various respects. Thus, he brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On September 11, 2009, Plaintiff filed a motion for summary judgment (Entry 21), to which Defendants responded on September 29, 2009 (Entry 24). Defendants CAPW, Tim Coakley,[1] Ralph Thomas, and Alexander Cullum filed a motion for summary judgment on October 22, 2009 (Entry 28), which the

---

[1] Although Plaintiff's Complaint spells this Defendant's last name "Coaley," it is correctly spelled "Coakley." See R&R 1 n.2 (Entry 40).

Magistrate Judge forwarded to Plaintiff with a notice that failure to respond could result in the dismissal of his Complaint, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Entry 29.) Plaintiff filed a response in opposition on November 17, 2009 (Entry 30) and a reply in support of his own motion shortly thereafter (Entry 32).

The Magistrate Judge issued a Report and Recommendation ("R&R") on June 30, 2010, in which he found that (1) Plaintiff's claims are barred by the exclusive remedies provision of the South Carolina Worker's Compensation Act, S.C. Code Ann. §§ 41-1-10, et seq.; (2) Plaintiff fails to establish a claim that rises to the level of a constitutional deprivation; (3) Plaintiff fails to establish any claim against the CAPW; and (4) Defendants are entitled to qualified immunity. Accordingly, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied; Defendants' Motion for Summary Judgment be granted; Defendant Arthur Bryant be sua sponte dismissed, and any remaining state claims be dismissed. R&R (Entry 40). On July 12, 2010, Plaintiff filed Objections to the R&R and a Motion for Default Judgment that requests the court enter judgment against Defendants City of Aiken and Arthur Bryant in the amount of eight million dollars ($8,000,000). (Entry 43.)

**I.    BACKGROUND**

On March 23, 2009, Plaintiff was assigned to work on a recycling route with Defendants Arthur Bryant and Alexander Cullum, at the time both employees of CAPW. (Entry 1 at 3.) Defendant Bryant operated the recycling truck, while Defendant Cullum and Plaintiff rode along on the side steps positioned at the rear of the truck. (Id.) Plaintiff claims that Defendant Bryant was driving recklessly and with the knowledge that the truck did not have a back-up or reverse alarm. (Id. at 3–4.) Plaintiff further claims that Defendant Bryant was angry with him and for that reason

intentionally put the truck in reverse and drove backward into a group of trees. (Id.) When Plaintiff yelled for Defendant Bryant to stop, he claims that Bryant "just leaned out of his window and looked at me, then he attempted to swerve and hit me again nearly running me over with the wheels of the truck and hitting me in the head with the frame of the truck." (Id.)

Once Defendant Bryant stopped the truck, Plaintiff claims that he asked Bryant and Defendant Cullum to call for help for Plaintiff's injuries, but they refused to do so and forced him to work while he was injured. (Id. at 5.) He returned to work at CAPW the next day, March 24, 2009, where he claims he again requested medical attention for his injuries, this time during a meeting held in Defendant Coakley's office that morning, and was again refused. (Id.) At the direction of a caseworker at SCDC, Plaintiff claims that he again reported his injuries and the incident to "all of [his] supervisors" at CAPW, all of whom refused him medical treatment. (Id.)

Plaintiff alleges that through these events, Defendants subjected him to cruel and unusual punishment and violated his due process rights, were medically negligent, effected a "serious" breach of contract, and discriminated against him. He claims that his Fifth, Eighth, and Fourteenth Amendment rights were violated and seeks compensation in the amount of eight million dollars ($8,000,000).

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

III. **ANALYSIS**

Plaintiff "strongly objects to the entire Report and Recommendation," complaining generally that the Magistrate Judge failed to consider the relevant facts as evidenced by the supporting documentation Plaintiff filed and reiterating the allegations of his Complaint as to the manner in which he claims he was treated by Defendants. In other words, Plaintiff fails to make specific objections, supported by evidence or legal argument, that might direct the court to a specific error in the Magistrate Judge's R&R. Nevertheless, the court has thoroughly examined the record. The court adopts the R&R and incorporates it herein by reference.

IV. **CONCLUSION**

Plaintiff's Summary Judgment Motion (Entry 21) is DENIED, the Summary Judgment Motion filed by Defendants CAPW, Tim Coakley, Ralph Thomas, and Alexander Cullum (Entry 28) is GRANTED, Defendant Arthur Bryant is DISMISSED, and Plaintiff's Motion for Default

Judgment (Entry 43) is DENIED as MOOT. Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 13, 2010.